UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDREW RODGERS,

    Plaintiff,

v.

JOSHUA TITUS, BARNES, and ELKHART POLICE DEPARTMENT,

    Defendants.

CAUSE NO. 3:19-CV-369 DRL-MGG

OPINION AND ORDER

Mr. Andrew Rodgers filed a complaint against Officer Joshua Titus, Officer Travis Barnes, and the Elkhart Police Department alleging violations of his constitutional rights under 42 U.S.C. § 1983. Now in a motion to dismiss, the defense asserts that (1) the complaint fails to state a claim upon which relief may be granted; (2) the statute of limitations has expired; and (3) the Elkhart Police Department cannot be sued because it is not a legal entity. ECF 8. Mr. Rodgers has not responded to the motion to dismiss, even after receiving an extension of time warning him of the consequences for failing to respond. *See* ECF 11. Because the court finds that Mr. Rodgers' complaint is barred by the statute of limitations, the court dismisses this case with prejudice.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." In order to survive a Rule 12(b)(6) motion, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible and establishes a right to relief above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

Courts construe *pro se* complaints, such as the complaint here, liberally and hold them to a less stringent standard. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). However, "dismissal of a complaint on the ground that it is unintelligible is unexceptionable." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001).

COMPLAINT

Mr. Rodgers filed a complaint with a single paragraph:

On May, 8th, 2017 I (Andrew Rodgers) was riding a bike on Chester Street toward park street. As I reached Park Street I (Andrew Rodgers) was stopped on corner of Chester and Park Street by Elkhart, IN City Police Officer (PHM) Titus (Joshua). I asked Elkhart City Police Officer Titus (Joshua) "why he stopped me" (Andrew Rodgers). Officer Titus "say due to no light on the back of the bike." He Officer Titus (Joshua) search me (Andrew Rodgers) and finds nothing illegal on me nor was I doing anything illegal. Elkhart Police Officer (PHM) Titus (Joshua) told me "I want get a ticket as long as Im cool." Officer Titus radios for back up. Elkhart Police Officer (PHM) Barnes arrives to the stop on Chester and Park. Titus then gets on his cell phone and say "he is calling to see if my name have any warrants on it." I (Andrew Rodgers) asked Officer Titus "why he didn't radio my name." Officer Titus proceeded to say "people name get ran thru the bmv but it's down so he have to call it in." So we sit at the sense of the stop until my name (Andrew Rodgers) came back from the warrant check. Some time goes by and my name (Andrew Rodgers) came back from the warrant check with no warrants on it. Officer Titus lets me leave as I was turning around Officer Titus stops me and ask me to count my money. Me (Andrew Rodgers) and Officer Titus got into a minor dispute over him Officer Titus counting my money. What stopped the minor dispute Officer Titus said he will take it and count it. While

2

all this transpiring Officer Barnes remains silent while my rights are being violated. I (Andrew Rodgers) hand Officer Titus part of my money. Officer Titus said "this not all the money where is the rest of it at." After I handed Officer Titus the rest of my money he proceeded to say "he taking my money." I asked Offier Titus "why he taking my money." Officer Titus in response "It's because I (Andrew Rodgers) look like a drug dealer." I asked Officer titus "why you say that." Officer Titus response "because I have two (2) cell phones and the way I was dressed." I asked Officer Titus "can I count my money." Officer Titus said "he will count it." Officer Titus proceeded to count my money and tells me "he counted four hundred and sixty-four dollars ($464.00)." After Officer Titus counted my money he told me he taking my money. Still Officer Barnes remains silent while my rights are being violated. I asked Officer Titus "for a receipt and how can I get my money back" Officer Titus tells me "to go to the police station." I go the next day May 9, 2017. Just to find out it was not at the police station and they knew nothing about it. Officer Titus did not turn the money in he illegally took from me. I file a complaint while I was at the police station. I went and reported it to the warrent officer Dave and showed him the fake receipt Officer Titus wrote me (Andrew Rodgers). I (Andrew Rodgers) also reported it to internal affairs Lieutenat J. Anderson. Lt. J. Anderson uses some fancy law word to describe why my money was taken. Speaking with Lt. J. Anderson on a later date he Lt. J. Anderson in other words he knows nothing about the money taken from me (Andrew Rodgers). But in the first meeting Lt. J. Anderson told me something different. I was discriminated against and racial profiled. I was apprehended to an illegal search and seizure. This situation has caused a lot of problems in my life. I don't trust the Elkhart Police Department and feel threatened for my belongings safety. In this letter is a dvd and paperwork to support my claim.

ECF 1.

DISCUSSION

The primary purpose of a complaint is "to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). To aid this goal, Federal Rule of Civil Procedure 10(b) requires the pleader to state his claims in separate numbered paragraphs that are each limited to a single set of circumstances. In *Stanard*, the court considered the following factors in deciding to dismiss a *pro se* complaint for failure to state a claim: (1) lack of punctuation; (2) near incomprehensibility; (3) failure to follow basic directions; (4) failure to put defendants on notice; and (5) grammatical and syntactical errors. *Id.* at 798-99. The *Stanard* court was careful to note that one of the above defects, considered alone, might not be enough to justify the rejection of a complaint. *Id.* at 799. Instead, the court must consider the defects as a whole

in determining whether the complaint is defective. *Id.* Ultimately, a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.2d 771, 775 (7th Cir. 1994) (quoting *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993), *cert. denied*, 510 U.S. 868 (1993)).

The complaint exhibits this unintelligibility at times. For example, toward the end of the complaint, Mr. Rodgers states in a full sentence that "[s]peaking with Lt. J. Anderson on a later date he Lt. J. Anderson in other words he knows nothing about the money taken from me (Andrew Rodgers)." Sentences such as this one are nearly incomprehensible and fail to give defendants notice of what exactly Mr. Rodgers is claiming. While the court is mindful of the liberal construction it must give *pro se* filings, the court notes that it "need not strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint." *Reed v. McBride*, 96 F. Supp. 2d 845, 847 (N.D. Ind. 2000) (addressing a *pro se* complaint). When a complaint, taken as a whole, is unintelligible, the court is required to dismiss it. *See Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 478 (7th Cir. 2003), *cert. denied* 540 U.S. 968 (2003). While this complaint has many issues (and other non-compliance with the rules), the court nonetheless construes Mr. Rodgers' complaint as pursuing a 42 U.S.C. § 1983 claim, likely specific to the Fourth Amendment of the United States Constitution. *See, e.g.*, *Holly v. Anton*, 97 Fed. Appx. 39, 40 (7th Cir. 2004).

For § 1983 claims, the court adopts Indiana's relevant statute of limitations—in this case, two years. *Mitchell v. Donchin*, 286 F.3d 447, 450 n.1 (7th Cir. 2002); *see also Nesbitt v. City of Champaign*, 34 Fed. Appx. 226, 228 (7th Cir. 2002) (applying two-year statute to Fourth Amendment claim, noting such a claim accrues at the time of the violation). Here, Mr. Rodgers confirms in the first sentence of his complaint that his cause of action accrued on May 8, 2017. ECF 1. Mr. Rodgers was thus required to bring this cause of action by May 8, 2019, but he did not file his complaint until May 9, 2019. One day may strike Mr. Rodgers as unfair, but he had two years to bring his claim; and there appear no

4

reasons to depart from the statute of limitations. "Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests . . . and limitation periods work both ways." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Mr. Rodgers' complaint must be dismissed under the applicable statute of limitations.

Courts "should typically grant a *pro se* plaintiff leave to amend before dismissing with prejudice." *Delonte v. Duncan Solutions, Inc.*, 606 Fed. Appx. 839, 839 (7th Cir. 2015) (citing *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013)). When, however, the claim is also barred by the statute of limitations, the claim may be dismissed with prejudice. *See Conover v. Lein*, 87 F.3d 905, 908-09 (7th Cir. 1996) ("As the district court held that the Illinois statute of limitations had run and that the Illinois savings provision did not apply, the dismissal should have been with prejudice."). Accordingly, the court GRANTS the motion to dismiss (ECF 8) and DISMISSES this case WITH PREJUDICE.[1]

SO ORDERED.

September 19, 2019  *s/ Damon R. Leichty*
Judge, United States District Court

---

[1] Given this ruling, the court need not address the motion's third argument dealing with whether the Elkhart Police Department is a legal entity.